**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                    CASE NO. 3:07-cv-631-J-34TEM

MICHAEL D. FERGUSON,
KATHERINE S. FERGUSON,
HIRAM F. WASDIN, CAROL E. WASDIN, and
CAIN & BULTMAN, INC., a Florida corporation,

       Defendants.

_____

# **O R D E R**

This case is before the Court on Plaintiff's Motion to Compel Defendants to Provide

Initial Disclosures and Respond to Written Discovery (Doc. #35, Motion to Compel), filed

April 3, 2009.   Plaintiff seeks an order compelling initial disclosures from each of the

Fergusons and responses to the  First Set of Interrogatories by United States of America

to Michael D. Ferguson and Katherine S. Ferguson (Doc. #35-4) and the First Request for

Production of Documents by United States of America to Michael D. Ferguson and

Katherine S. Ferguson (Doc. #35-4).  To date, there has been no response to the instant

motion.  The Court notes, however, that the named Defendants have appeared in this

case, albeit as *pro se* litigants, when their answer to the amended complaint was filed on

January 14, 2008 (*see* Doc. #6).  On September 16, 2008, the District Court took the

opportunity to  remind the *pro se* litigants of some of the obligations and responsibilities of

those individuals proceeding in a lawsuit on their own representation (*see* Docs. #11, #12).

Those orders reminded the Fergusons of their responsibility to respond to a motion within ten days after being served that motion (*see* Doc. #11 at 4, Doc. #12 at 4).

There is no evidence in the file indicating that either of the Fergurson Defendants has supplied Plaintiff with the information sought through the discovery requests. Moreover, neither Defendant has filed a response in opposition to the in Motion to Compel.

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.*

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch v. E.I. DuPont Nemours and Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996).

The Court has considered this matter and, accordingly, it is now

**ORDERED:**

1.      Plaintiff's Motion to Compel (Doc. #35) is **GRANTED**.  Defendant Michael D.

Ferguson and Defendant Katherine S. Ferguson shall respond to the interrogatories and

produce all documents in his or her possession, custody or control that are responsive to

the discovery requests that are the subject of this motion.  The Fergusons shall provide

initial disclosures of discovery to Plaintiff as outlined in Federal Rule of Civil Procedure

26(a).  Defendants' compliance is ordered **within ten (10) days** of the date of this order.

Any objection as to privilege is preserved and subject to the Defendants' proper submission

of a detailed privilege log.

2.      In light of the mandates set forth in paragraph one above and the

approaching discovery deadline of June 1, 2009, the Court finds cause to *sua sponte*

**enlarge the overall discovery deadline through June 22, 2009**.  All other deadlines

remain unchanged.

        **DONE AND ORDERED** at Jacksonville, Florida, this 29th   day of May, 2009.


Copies to:
All counsel of record
*Pro Se* Parties

_Thomas E. Morris_
**THOMAS E. MORRIS**
United States Magistrate Judge

3